**Betty ROBERTS and Walter L. Roberts, Plaintiffs–Appellants,**

v.

**WAL–MART STORES, INC., Defendant–Appellee.**

**No. 93–4392**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Dec. 1, 1993.

---

Wellborn Jack, Jr., Elton B. Richey, Jr., Shreveport, LA, for plaintiffs-appellants.

Vicki C. Warner, Mayer, Smith & Roberts, Shreveport, LA, for defendant-appellee.

Before DAVIS, JONES, and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge:

Appellants, Betty and Walter Roberts, appeal from a final judgment in favor of Appellee, Wal-mart Stores, Inc. On November 12, 1990, while shopping in a Shreveport Wal-mart store, Betty Roberts was injured when a forty-seven pound refrigerator fell from a shelf and struck her on the chest. The Roberts sued for the physical injuries sustained by Betty and for Walter's loss of consortium, asserting that under Louisiana law Wal-mart was strictly liable and negligent. The district court refused to instruct the jury as to the theory of strict liability, and the jury returned a verdict in favor of Wal-mart on the negligence theory. The district court denied the Roberts' motion for a new trial, and they filed a timely notice of appeal. We affirm.

## I.

■ The Roberts first argue that the district court erred in failing to instruct the jury on the theory of strict liability under La.Civ.Code art. 2317. The function of the reviewing court with respect to instructions is to satisfy itself that the instructions show no tendency to confuse or mislead the jury

with respect to the applicable principles of law. *Rohner, Gehrig & Co. v. Capital City Bank,* 655 F.2d 571, 580 (5th Cir. Unit B Sept.1981) (citing 9 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil* § 2558 (1971)). A district court may not instruct a jury on a legal theory in support of which no evidence is presented. *Lorenz v. Celotex Corp.,* 896 F.2d 148, 151 (5th Cir.1990). Jury instructions in diversity cases must accurately describe the applicable state substantive law. *Id.* at 150.

■ To justify an article 2317 instruction there must be evidence from which the jury could reasonably infer that: (1) there was an injury by a thing, (2) the thing was in the defendant's possession, (3) there was a vice or defect creating an unreasonable risk of harm in the thing, and (4) the injured person's injuries arose from that danger. *Ross v. La Coste de Monterville,* 502 So.2d 1026, 1028 (La.1987). The Roberts have failed to produce any evidence of a vice or defect in the refrigerator or the shelf from which it fell. The fact that the refrigerator fell at all is not proof that it created an unreasonable risk of harm to others. *See Marquez v. City Stores Co.,* 371 So.2d 810, 813 (La.1979).

Appellants argument that Wal-mart's failure to produce the refrigerator and shelf raises an inference that the items were defective is inapplicable in this case. The Wal-mart witnesses candidly admitted that they did not know what happened to the refrigerator, and there does not appear to be any actual suppression or withholding of evidence. Moreover, photographs of the actual refrigerator and shelf were taken on the same day as the incident and were introduced into evidence. Thus, there is no evidence justifying an instruction on strict liability, and the district court did not err in refusing to instruct the jury on the theory of strict liability.

## II.

■ The Roberts next argue that the district court erred in refusing to give a res ipsa loquitur instruction. Wal-mart, however, has correctly pointed out that the Roberts failed to preserve the error for appeal by objecting in a timely manner pursuant to

Federal Rule Civil Procedure 51. The Roberts respond that they objected contemporaneously at the initial charge conference in which there was no court reporter. There is nothing in the record that reflects that an objection was made in the initial charge conference. We can only review the record and do not take evidence to supplement or contradict it. *See Doucet v. Gulf Oil Corp.*, 788 F.2d 250, 252 (5th Cir.), *cert. denied*, 479 U.S. 883, 107 S.Ct. 272, 93 L.Ed.2d 249 (1986).

■ We will reverse on the basis of an erroneous jury instruction without objection if there has been plain error. *Rodrigue v. Dixilyn Corp.*, 620 F.2d 537, 540 (5th Cir. 1980), *cert. denied*, 449 U.S. 1113, 101 S.Ct. 923, 66 L.Ed.2d 842 (1981). Plain error is found if " 'the deficient charge is likely responsible for an incorrect verdict which in itself creates a substantial injustice.' " *Id.* (quoting *Jamison Co., Inc. v. Westvaco Co.*, 526 F.2d 922, 933 (5th Cir.1976)). The Roberts failed to establish the necessary elements of the res ipsa loquitur doctrine. Betty herself testified that she might have pulled on the refrigerator. The district court correctly held that the doctrine of res ipsa loquitur did not apply in this case. We conclude that the Roberts have not shown plain error.

### III.

■ The Roberts contend that the district court erred in denying their motion for judgment as a matter of law on the issue of comparative negligence and in failing to instruct the jury on that issue. A judgment as a matter of law should not be granted unless the facts and inferences point so strongly and overwhelmingly to one side that reasonable persons could not disagree on the verdict. *Boeing Co. v. Shipman*, 411 F.2d 365, 374 (5th Cir.1969) (en banc). In this case, there is evidence from which the jury could infer that Betty was negligent in her handling of the refrigerator. In any event, even if the district court erred in permitting the comparative fault issue to go to the jury and in giving the instruction on comparative fault, the error was harmless because the jury found Wal-mart not negligent.

### IV.

■ Finally, the Roberts argue that the district court erred in denying their mo-

tion for a new trial. The Roberts contend that the jury verdict was against the great weight of the evidence. The Roberts failed, however, to raise this issue in a motion for judgment as a matter of law. It is well settled in this Circuit that in the absence of a motion for judgment as a matter of law, the sufficiency of the evidence supporting the jury's verdict is not reviewable on appeal. *Coughlin v. Capitol Cement Co.*, 571 F.2d 290, 297 (5th Cir.1978) (citations omitted). When the issue is raised in a motion for new trial, we review the trial court's decision for an abuse of discretion. *Id.* We do not review " 'sufficiency' in its technical sense"; rather, the issue is whether there is an absolute absence of evidence to support the jury's verdict. *Id.* at 298. Having reviewed the record, we conclude that there is evidence to support the verdict, and accordingly, the district court did not abuse its discretion in denying the motion for a new trial.

### V.

For the foregoing reasons, we affirm the rulings and final judgment of the district court.

AFFIRMED.