IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 95-30184

Summary Calendar

---

CARL P. LOFTON,

Plaintiff-Appellant,

versus

BROOKSHIRE BROTHERS, INC.,

Defendant-Appellee.

---

Appeal from the United States District Court
for the Western District of Lousiana
(94 CV 517)

---

( October 2, 1995 )

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Carl Lofton brought this negligence action against Brookshire Brothers, Inc. seeking damages for his slip and fall accident at a store owned by Brookshire. The jury, finding no unreasonable risk of harm, rendered a verdict for Brookshire. The district court entered judgment accordingly, and Lofton appeals. We affirm.

---

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

Lofton, a weights and measurements inspector for the state of Louisiana, sustained his injuries after slipping and falling while inspecting weights at the meat department of a grocery store owned by Brookshire.  As his accident was attributed to a piece of meat fat found on the sole of his shoe, Lofton sued under Louisiana law, see La. Rev. Stat. Ann. § 9:2800.6, claiming that the meat fat's presence on the floor constituted an unreasonable risk of harm created by Brookshire, and that Brookshire had failed to exercise reasonable care in keeping the grocery store premises free from such a hazardous condition.

In arguing on appeal that the jury verdict was "contrary to the law and evidence," Lofton raises what amounts to a sufficiency of the evidence challenge.  But because Lofton did not move for judgment as a matter of law in the district court, "the sufficiency of the evidence supporting the jury's verdict is not reviewable on appeal."  Roberts v. Wal-Mart Stores, Inc., 7 F.3d 1256, 1259 (5th Cir. 1993).  We must affirm unless "there is an absolute absence of evidence to support the jury's verdict."  Id.

We are unable to say that there was no evidence to support the jury's verdict.  Trial testimony indicated that Lofton's accident occurred behind a counter in an employees-only area after he had walked into a meat-cutting area to speak to a store employee who was trimming brisket.  Because the evidence was inconclusive as to where Lofton first stepped on the meat fat, the jury could have determined that Lofton stepped on the fat while in the meat-cutting area, then slipped and fell after tracking the fat to the area

2

behind the counter.  Since the jury heard testimony that the meat-cutting area was a restricted area, that Lofton did not have to go there to fulfill his job duties, and that Lofton was familiar with the layout of the meat department at that grocery store, there was evidence supporting a jury conclusion that Lofton did not carry his burden of proving that the fat had been situated in such a manner as to have constituted an unreasonable risk of harm to him.

AFFIRMED.