**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No.  98-41109
Summary Calendar

ROSA GARCIA AND BENIGNO GARCIA,

Plaintiffs-Appellants,

v.

WAL-MART STORES, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
(L-96-CV-110)

August 11, 1999

Before DAVIS, DUHÉ, and PARKER, Circuit Judges.

PER CURIAM:[*]

Rosa Garcia appeals the denial of her motion for a new trial on past and future pain damages and past and future medical expenses.  We affirm.

## I.  FACTS AND PROCEEDINGS

On September 11, 1994, Rosa Garcia and her son, Benigno Garcia, Jr., went shopping at the Wal-Mart store in Laredo, Texas. While following her son through a narrow passage between a shelf and a pallet stocked with merchandise, Rosa Garcia's feet became entangled in the pallet-wrap material causing her to fall to her

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

hands and knees.

The next day, Garcia went to Dr. Roberto Cantu for pain resulting from the fall. Dr. Cantu prescribed medication for knee inflamation and pain. Two weeks later, Dr. Cantu prescribed physical therapy for her knee. Garcia began attending physical therapy sessions approximately two months later in November 1994. In February 1995, Garcia returned to Dr. Cantu, continuing to complain of knee pain.

Garcia also claims that the September 1994 fall at Wal-Mart injured her back. In December 1995, one year and three months after her fall, Garcia visited a chiropractor, Dr. English, for the first and last time. According to Dr. English's medical records, he examined her without an x-ray because she was in a hurry. In January 1996, a year and four months after Garcia's fall, Dr. Cantu ordered Garcia to undergo an MRI for back pain. At this time, Dr. Cantu also referred Garcia to Dr. Dennis, an orthopedic spine surgeon. Garcia did not undergo the MRI until seven months later, in August 1996. Garcia finally saw Dr. Dennis in June 1997, approximately three years after her fall at Wal-Mart. The medical records of her visit with Dr. Dennis showed several pre-existing medical conditions, including scoliosis, spinal stenosis, and spondylolisthesis.

Garcia submitted her medical bills for services rendered to her from the time of her fall until the time of trial. The total for past medical expenses was $10,451.00. Wal-Mart stipulated to the past medical expenses. Garcia also submitted future expected medical expenses of $40,000 for back surgery and treatment to which

Wal-Mart did not stipulate.

The lawsuit went to trial on July 13 and July 14, 1998. The jury found Wal-Mart and Rosa Garcia equally negligent. The jury awarded Garcia $5,000 for past medical care and $2,500 for future medical care but declined to award past and future physical pain and mental anguish damages.

Garcia filed a motion for a new trial on the issues of past and future pain and suffering and past medical expenses. The district court denied Garcia's motions and entered final judgment awarding Garcia $3,750.00 plus pre and post judgment interest. Garcia filed a timely notice of appeal.

## II. DISCUSSION

In her first point of error, Garcia appeals the denial of a motion for a new trial, which was grounded on the failure of the jury to award damages for past and future pain and suffering. A district court's ruling for a new trial is reviewed for abuse of discretion. *See Dawson v. Wal-Mart Stores, Inc.,* 978 F.2d 205, 208 (5th Cir. 1992). This Court gives somewhat greater deference when the district court has denied the new trial motion and left the jury's determination undisturbed. *See id.* (citations omitted).

Garcia argues that the jury's failure to award pain and suffering damages was against the weight of the evidence. The sufficiency or insufficiency of the evidence is governed by a federal standard. *See Jones v. Wal-Mart Stores, Inc.,* 870 F.2d 982, 986 (5th Cir. 1989). We view the evidence in a light most favorable to the jury's verdict, affirming the verdict unless the

evidence points so strongly in favor of one party that a reasonable person could not have found as the jury did. *See id.* at 987. After reviewing the record, we conclude that the district court did not abuse its discretion.

In diversity cases such as this, the type of evidence that must be produced to support a verdict is governed by state law. *See Jones,* 870 F.2d at 986. Under Texas law, once liability is established, a jury must award some amount for each element of damages that is objectively proven. *See Sansom v. Pizza Hut of East Texas, Inc.,* 617 S.W.2d 288, 294 (Tex. Civ. App.-Tyler 1981, no writ). To ensure an award for a particular element of damages, a plaintiff must present clear and uncontroverted evidence on that element. *See Sansom*, 617 S.W.2d at 293.

Our review of the record shows that Garcia's past and future pain and suffering were not supported by clear and uncontroverted evidence. The district court did not abuse its discretion in denying Garcia's motion for a new trial.

In her second point of error, Garcia appeals the denial of a motion for a new trial on the issue of past medical expenses. Garcia argues that a new trial is warranted because the parties stipulated to past medical expenses of $10,451.00, but the jury failed to return the full amount stipulated. "Because of the stipulation, the issue of past medical expenses should never have gone to the jury." *Jones,* 870 F.2d at 985. Garcia, however, did not to object to the jury instructions. "An erroneous jury instruction without objection will warrant reversal if plain error

4

has been demonstrated." *International Meat Traders, Inc. v. H & M Food Systems,* 70 F.3d 836, 840 (5th Cir. 1995). Plain error in this context means "the deficient charge is likely responsible for an incorrect verdict which in itself creates a substantial injustice." *Roberts v. Wal-Mart Stores, Inc.*, 7 F.3d 1256, 1259 (5th Cir. 1993) (internal quotations omitted).

While we agree that the issue of past medical expenses should never have been submitted to the jury, the issue of whether we should correct any plain error that existed is a much closer call. Garcia failed to object to the issue being submitted to the jury, failed to move for judgment as a matter of law and, in fact, invited the jury to award more than the stipulated amount. In effect, Garcia through her attorneys made her bed and we now decide by electing not to correct any plain error regarding the jury submission that she should lie in it.

### III. CONCLUSION

Based on the foregoing, the district court's decision to deny Garcia's motions for new trial is AFFIRMED.