IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 3, 2008

Charles R. Fulbruge III
Clerk

No. 04-10872

ROBERT J GRODEN

Plaintiff–Counter Defendant–Appellee

v.

JACKIE DIANE ALLEN

Defendant–Counter Claimant–Appellant

Appeal from the United States District Court
for the Northern District of Texas, Dallas
No. 3:03–CV–1685–R

Before KING, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jackie Allen appeals the district court's judgment adopting the jury's verdict for Robert Groden. We AFFIRM in part, and VACATE and REMAND in part.

I. FACTUAL AND PROCEDURAL BACKGROUND

Prior to establishing a business relationship with Jackie Allen, Robert Groden authored and registered copyrights for works about the assassination of President John F. Kennedy, Jr., including the books, High Treason: The

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Assassination of President John F. Kennedy (1989), The Killing of a President: The Complete Photographic Record of the JFK Assassination, the Conspiracy, and the Cover-Up (1993), The Search for Lee Harvey Oswald (1995); and the videos, Time-Motion Study of the Films of the Assassination of President John F. Kennedy (the "Assassination Films") (1986) and JFK: The Case for Conspiracy (1987). During their business relationship, from 1997 to 1999, four derivative works were created from Groden's copyrighted material: The Killing of a President–a video magazine (1997), two versions of a magazine The Killing of a President–Dealey Plaza Memorial Edition (1997 & 1998), and The Dealey Plaza Guidebook (1998).

While doing business together, Groden and Allen sold these materials at Dealey Plaza in Dallas, Texas. Their association ended in 1999. That same year, Groden filed suit in Texas state court against Allen seeking damages for converting existing publications and an injunction to prevent her from selling the same. The state court suit did not involve any claims for copyright infringement. The state court jury found for Allen.

Subsequently, Groden learned in 2002 that Allen was selling copies of these works, and other materials containing portions of these works, in Dealey Plaza without his permission. Soon thereafter, Groden saw Allen and Richard Tobias, originally a co-defendant in this case, distributing flyers in close proximity to Groden's place of business accusing him of molesting Allen's young daughter. They even enlisted the young girl to hand out a flyer that read, "Robert molested me when I was four and a half years old and I will never forget it. Jaclyn Allen now 7 years old." Groden denied these allegations and has never been arrested, charged, or convicted for child molestation.

On July 25, 2003, Groden filed suit in district court against Allen and Tobias, seeking damages and injunctive relief for copyright infringement and defamation. The jury found in favor of Groden, and on June 22, 2004, the

district court entered a final judgment adopting and incorporating the jury's verdict. Allen filed a timely notice of appeal. Tobias's appeal was dismissed for want of prosecution.

## II. DISCUSSION

First, Allen argues that this case should be reversed and remanded for a new trial because the appellate record was incomplete when she filed her brief on appeal. Because the appellate record was subsequently supplemented on Allen's unopposed motion, we have the complete record. Thus, this issue is moot.

Second, Allen contends that the district court erred by failing to provide a reasonable opportunity to object to the proposed instructions prior to charging the jury, and thus waived the requirements of Federal Rule of Civil Procedure 51 with respect to objections. Rule 51 requires the district court to "give the parties an opportunity to object on the record and out of the jury's hearing before the instructions and arguments are delivered." FED. R. CIV. P. 51(b)(2). This court interprets Rule 51 to mean that the "district court should not . . . allow[ ] the jury to retire to its deliberations before giving counsel the opportunity to object" to the jury charge. Doucet v. Gulf Oil Corp., 783 F.2d 518, 523 (5th Cir. 1986) (emphasis added).

This reading is consistent with the purpose of Rule 51—to prevent unnecessary retrials by forcing the parties to raise objections to the charge in time for the trial judge to correct any errors before the jury begins to deliberate. Id. Here, the district court provided for written objections at the close of Groden's case. Also, after the jury was charged, but before the jury retired for the final time to deliberate, the district court heard oral objections. Groden voiced one objection, and Allen contributed to an objection made by her co-defendant. As the district court complied with Rule 51, Allen was not relieved of its requirements in making objections, see Doucet, 783 F.2d at 523, and we will

review Allen's claims regarding the inadequacy of the jury charge for plain error. Rizzo v. Children's World Learning, 213 F.3d 209, 213 (5th Cir. 2000) (en banc).

Allen further argues that her failure to object to the charge should be disregarded under Lang v. Texas & Pac. Ry., 624 F.2d 1275, 1279 (5th Cir. 1980). In Lang, the district court had refused to instruct the jury that any damage award in that case would not be subject to federal income tax. Id. We found that the plaintiff there was excused from making a subsequent objection to the charge after the proffered instruction had been rejected because the charge, as given, properly stated the controlling law in the circuit when it was given. Id. As such, there was no error for the district court to correct prior to jury deliberations, and any objection would be fruitless. Id. This case does not present such unusual circumstances. Thus, this exception to the formalities of Rule 51 is inapplicable here as well.

Third, Allen asserts that the district court erred in denying her motion for judgment as a matter of law ("JMOL") at the close of Groden's evidence. In her motion, Allen argued that she had conclusively established copyright ownership in a partnership between herself and Groden, and therefore, she could not have infringed on any copyrights by reproducing and selling the works. Allen did not reurge her motion for JMOL at the close of all the evidence or file a renewed motion for JMOL under Federal Rule of Civil Procedure 50(b). However, after the verdict, she did move for a new trial or to reform the judgment under Rule 59. The district court denied her motion, but by virtue of having challenged the sufficiency of the evidence both pre- and post-verdict, Allen preserved her sufficiency of the evidence challenge on the partnership issue. FED. R. CIV. P. 50(b); see also Advisory Committee Notes on FED. R. CIV. P. 50(b) (2006 Amendments); Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc., 546 U.S. 394, 405 (2006); Hodges v. Mack Trucks, Inc., 474 F.3d 188, 195 (5th Cir. 2006). However, "[a]bsent a clear showing of an abuse of discretion, we will not reverse the trial

court's decision to deny a new trial. To make such a 'clear showing,' [the appellant] must demonstrate an absolute absence of evidence to support the jury's verdict." Duff v. Werner Enters., Inc., 489 F.3d 727, 729 (5th Cir. 2007) (internal citations and quotation marks omitted).

On appeal, Allen does not challenge the sufficiency of the evidence to support the jury's verdict. Rather, she raises a legal argument. Allen contends that the district court erred in denying her motions because: (1) by virtue of a 1999 state court judgment, the copyrights to The Killing of a President–Dealey Plaza Memorial Edition (1997), The Killing of a President–Dealey Plaza Memorial Edition (1998), The Killing of a President–a video magazine, and The Dealey Plaza Guidebook vested in her as a co-author because the implied partnership was the author of the works, and (2) the copyrights to The Killing of a President: The Complete Photographic Record of the JFK Assassination, the Conspiracy, and the Cover-Up; The Search for Lee Harvey Oswald; High Treason; JFK: The Case for Conspiracy; and the Assassination Films were transferred to her by operation of law. See 17 U.S.C. § 201(d)(1). Allen claims that the state court judgment conclusively effected a transfer of the copyrights by operation of law to the partnership, and implicitly, to her as a partner. We disagree. The state court judgment (which set out the jury's findings) stated:

> Did Jackie Diane Allen and Robert Groden agree in 1997 to contribute their respective money, effects, labor and skills to New Frontier Publications with the understanding they would thereafter equally share its profits, losses and assets between them?
>
> Answer: Yes

That interrogatory establishes neither co-authorship under 17 U.S.C. § 101 nor a transfer by operation of law under 17 U.S.C. § 201(d)(1). Consequently, the

district court did not abuse its discretion by denying Allen's motion for a new trial.

Fourth, Allen argues that the district court erred by failing to instruct the jury on her partnership theory of co-ownership or co-authorship of the copyrights. As established above, this charge error claim is reviewed only for plain error. Rizzo, 213 F.3d at 213. To prevail under the plain error standard, the appellant must show:

> 1) that an error occurred; 2) that the error was plain, which means clear or obvious; 3) the plain error must affect substantial rights; and 4) not correcting the error would seriously impact the fairness, integrity, or public reputation of judicial proceedings. The plain error exception is designed to prevent a miscarriage of justice where the error is clear under current law.

Septimus v. Univ. of Houston, 399 F.3d 601, 606-07 (5th Cir. 2005) (internal citations omitted). "In determining whether a particular jury instruction was erroneous, we consider the jury charge as a whole. An inadequate instruction merits reversal when the charge as a whole leaves us with the substantial and ineradicable doubt whether the jury has been properly guided in its deliberations." Id. at 607 (internal citations and quotation marks omitted). However, a "district court may not instruct a jury on a legal theory in support of which no evidence is presented." Roberts v. Wal-Mart Stores, Inc., 7 F.3d 1256, 1258 (5th Cir. 1993).

Because the interrogatory from the 1999 state court judgment failed to support Allen's theory of copyright ownership, the district court properly refused to instruct the jury on the same. Consequently, since the district court's refusal was proper, it did not constitute plain error.

Fifth, Allen claims that the district court erred by failing to instruct the jury that Groden's recovery of actual damages for copyright infringement should

be limited to damages for infringement occurring within the three years prior to the filing of this case. Again, we review this charge claim for plain error. Rizzo, 213 F.3d at 213.

Under the Copyright Act, a civil action for infringement must be brought within three years of the time the claim "accrues." 17 U.S.C. § 507(b); see Makedwde Publ'g Co. v. Johnson, 37 F.3d 180, 182 (5th Cir. 1994); see also Prather v. Neva Paperbacks, Inc., 446 F.2d 338, 341 (5th Cir. 1971) (holding that the statute of limitations for copyright infringement starts to run once "plaintiff is on inquiry that it has a potential claim"). Thus, Allen's argument that Groden may only recover damages resulting from infringement that occurred within the three years of his filing suit is erroneous, since the relevant inquiry is when the claim accrued, not when the infringement occurred.

To that end, Allen contends that Groden knew or should have known of his claim for infringement at the time of the 1999 state court suit. However, the evidence shows that the state court action concerned the conversion and sale of published copies of the works already in existence and money borrowed for publishing those works, not claims that the works were being unlawfully copied or reproduced. In other words, the state court suit is not relevant to the task of determining when Groden was on inquiry of his claim for infringement. Rather, Tobias testified that he and Allen began selling copies of The Killing of a President on video and CD-ROM and other infringing works in January or February 2003. Groden testified that he first learned of the infringement in 2002, which is well within three years of July 25, 2003, when this case was filed. Thus, the evidence did not support Allen's requested damages instruction, Roberts, 7 F.3d at 1258, and failure to include it was not plain error.

Sixth, Allen argues that there was insufficient evidence to support the jury's finding of Groden's actual damages as a result of the infringement. On appeal, a challenge to the sufficiency of the evidence properly preserved at trial

is reviewed de novo, using the same standard as the district court. Hodges, 474 F.3d at 195. "In reviewing the evidence, we draw all reasonable inferences in the non-movant's favor, and disregard all evidence favorable to the moving party that the jury is not required to believe." Id. (internal citations and quotation marks omitted).

A "copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement . . . ." 17 U.S.C. § 504(b). Groden testified estimating his damages at over $200,000, based on Allen's testimony of what she had sold since she began selling infringing works, and what she expected to sell during the pendency of the injunction, which she opposed. Drawing all reasonable inferences in Groden's favor, the jury could reasonably have found that Groden suffered $43,500 in damages since Allen began copying and selling items that they determined infringed on his copyrighted works. Thus, the jury's verdict was supported by substantial evidence and must stand.

Seventh, Allen asserts that there is insufficient evidence to support the jury's award of actual damages for defamation in this case. As Allen professes in her brief on appeal, "[i]mputation of sexual misconduct," such as allegations of child molestation, "is defamation per se and thus actionable without proof of damage." See Leyendecker & Assocs., Inc. v. Wechter, 683 S.W.2d 369, 374 (Tex. 1984); Villasenor v. Villasenor, 911 S.W.2d 411, 418 (Tex. App.—San Antonio 1995, no writ). "[I]n a case of defamation per se, the law presumes actual damages and no independent proof of damages to reputation or of mental anguish is required." Mitre v. Brooks Fashion Stores, Inc., 840 S.W.2d 612, 620 (Tex. App.—Corpus Christi 1992, writ denied). Because this case involves defamation per se, no proof of actual damages was required, and the jury's award was proper.

Eighth, Allen argues, and Groden concedes, that the district court erred by submitting a single interrogatory on exemplary damages for defamation

against both Allen and her co-defendant. We agree. Under Texas law, "an award of exemplary damages must be specific as to a defendant, and each defendant is liable only for the amount of the award made against that defendant." TEX. CIV. PRAC. & REM. CODE. ANN. § 41.006 (Vernon 1997). At oral argument, Groden consented to waive exemplary damages in the event that we determined the instruction was given in error. As we have so determined, we accept Groden's concession, and vacate the award of exemplary damages with respect to Allen. Thus, Allen's argument that the exemplary damages award was excessive is moot.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's judgment, but VACATE the exemplary damages award as applied to Allen, and REMAND for proceedings consistent with this opinion. Costs shall be borne by Allen.