United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 18, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-41445

_____

E. PRICE PRITCHETT; L. P. PRITCHETT,

Plaintiffs-Counter Defendants -Appellees,

versus

NANCY POUND, individually and as representative of the Estate of Ronald
Edward Pound

Defendant - Counter Claimant - Appellant.

_____

Appeal from the United States District Court for
the Eastern District of Texas

_____

Before JONES, Chief Judge, and REAVLEY and PRADO, Circuit Judges.

REAVLEY, Circuit Judge:

Appellant Nancy Pound and the Estate of Ronald Pound (collectively "Pound")

appeal the district court's grant of summary judgment and award of attorney's fees in

favor of Appellees E. Price Pritchett and Pritchett, L.P. (collectively "Pritchett") in this

dispute over the copyright ownership of two books.  Reviewing the summary judgment

record <u>de novo</u> and the award of attorney fees for abuse of discretion, we affirm for the

following reasons.

## I.  FACTS AND PROCEEDINGS

In 1981, Ronald Pound was hired by Pritchett, L.P., a business consulting firm founded by E. Price Pritchett. The employment contract governing Ronald Pound's employment provided that he was responsible for, inter alia, "completing regular written assignments and the development of new products and procedures."  In addition, the contract stated that "[s]hould the Employee produce any written materials in the course of his work with the Employer, then such shall be done for and on behalf of the Employer and all work produced shall be the exclusive property of the Employer."  Ronald Pound was paid a salary plus a discretionary bonus, which reached $1 million the last year he worked with the company.

In the late 1980s, Pritchett L.P. began offering a line of handbooks to supplement its consulting services.  Price Pritchett and Ronald Pound co-wrote two such books, Business as UnUsual and Smart Moves, in 1988 and 1989, respectively.  Pritchett L.P. paid all expenses associated with writing, publishing, marketing, and promoting both books, and all revenues from sales of the books went directly to the company.  No company employees involved in the co-writing of handbooks received royalties or other payments from the profits or proceeds of handbooks sales.

Pritchett L.P. applied to register copyrights in the two books with the Copyright Office.  The administrative staff member who completed the forms listed Price Pritchett and Ronald Pound as the books' authors and checked "NO" when designating whether the books were "works made for hire."  With regard to Business as UnUsual, the

certificate lists Price Pritchett and Ronald Pound as copyright claimants. A staff member signed the certificate for Price Pritchett, while Ronald Pound signed on his own behalf. The registration became effective in March 1988. With respect to Smart Moves, Ronald Pound is not listed as a copyright claimant, and his signature does not appear on the form. The registration became effective in December 1989.

In 1990, Pritchett L.P. attempted to correct the copyright information, but submitted the wrong forms to the Copyright Office. In 2002, after this dispute arose, the proper forms were submitted. Supplemental registrations effective in October 2002 reflect that the books were works made for hire and that Pritchett L.P. owns the copyrights.

In 1995, Ronald Pound died. Pritchett made numerous generous concessions to Ronald's widow, Nancy, including payment of Ronald's full $1 million bonus for 1995, though he had worked only during the first quarter. Nancy Pound signed a release discharging Pritchett L.P. from "all claims, agreements or expenses" that she might have against the company.

In 2002, Nancy Pound sued Pritchett in state court, alleging co-ownership in the books' copyrights and seeking an accounting and royalties from the books' sales. Pritchett removed the case to the Northern District of Texas, but it was remanded, apparently based on Pound's representation that there was no ownership dispute and therefore no federal question. Pritchett then filed suit in the Eastern District of Texas, seeking declaratory judgment that it was the sole owner of the copyrights in the two

books.  Pound counterclaimed in the Eastern District for an accounting and payment of royalties.  On Pritchett's motion, the district court granted summary judgment and awarded Pritchett attorney fees.

## II.  DISCUSSION

### A.  Sole ownership of the copyrights lies in Pritchett

We agree with the district judge that Pritchett was the sole owner of the books. The employment agreement governing Pound's employment with Pritchett specifically provided that all written materials created by Pound in his employment were to be exclusive property of the employer.  The books were therefore made for hire because Pritchett and Pound did not expressly agree otherwise by written instrument signed by them.  See 17 U.S.C. § 201(b).  While the registration form, if standing alone, would be evidence of joint ownership, it is not a written agreement changing the employment relationship that the statute requires.

Other courts have also required a more clear agreement of parties to change the ownership of copyright.  See, e.g., Frost Belt Int'l Recording Enter., Inc. v. Cold Chillin' Records, 758 F. Supp. 131, 137 n.12 (S.D.N.Y. 1990) (rejecting the "contention that the Registration Certificate itself establishes that [the work] was not a work made for hire on account of plaintiff's checking-off a box [on] the Registration Certificate indicating that the work was not made for hire," the court was "hardly persuaded that [the certificate preparer] intended with two small strokes of his pen to relinquish plaintiff's copyright to the work while completing a form which was to have precisely the opposite effect");

4

BancTraining Video Sys. v. First Am. Corp., No. 91-5340, 1992 WL 42345, at *5 n.3

(6th Cir. Mar. 3, 1992) (unpublished) (stating agreement with the holding in Frost Bank

that checking "no" on the registration certificate indicating that work was not made for

hire did not dictate that the work was not made for hire); Craft v. Kobler, 667 F. Supp.

120, 125 (S.D.N.Y. 1987) (rejecting claim that work made for hire finding was precluded

by failure to claim work made for hire on registration certificate).

The ownership of the copyrights by Pritchett defeats Pound's claim for royalties

and moots the limitations bar to Pound's claim. We therefore need not address the effect,

if any, of the release.

## B. No limitations bar as to Pritchett

The declaratory judgment action initiated by Pritchett is not barred by limitations.

Under appropriate circumstances, a party may seek a judicial declaration regarding the

ownership of a copyright. As a practical matter, declaratory judgments typically are

sought by potential defendants. BRUCE P. KELLER & JEFFREY P. CUNARD, COPYRIGHT

LAW § 12:10 (2005). We agree with our sister circuit that a defendant who is not seeking

any affirmative relief and who asserts a defense only to defeat plaintiff's claim is not

barred by the Act's statute of limitations. See Estate of Burne Hogarth v. Edgar Rice

Burroughs, Inc., 342 F.3d 149, 163-64 (2d Cir. 2003). A potential defendant is not

required to seek at the earliest opportunity a declaration that a defense to a claim not yet

brought is valid. Id. (holding that a commissioning party's claim that books were works

for hire accrued, for limitations purposes, when commissioned party's heirs first claimed

copyright interest in books).

Pritchett's work-for- hire contention was a defense to Pound's initial claim for accounting in state court. Pritchett's declaratory judgment rights accrued when it knew or had reason to know of the injury upon which the claim is based. Id. at 165. Pritchett's work-for-hire "claim" did not accrue until it suffered some injury. Since the evidence establishes that Pound never asserted a claim of ownership or demanded royalties during his lifetime, Pritchett was not aware of and the claim did not accrue until the Pound estate first asserted accounting claims in 2002. Pritchett's work-for-hire "claim" was asserted in 2003, thus within the statute of limitations.

## C. Attorney Fees

Because Pritchett is the prevailing party, the attorney fee award is warranted. See Positive Black Talk, Inc. v. Cash Money Records, Inc., 394 F.3d 357 (5th Cir. 2004). In view of this often vexatious litigation over a long and tortured procedural history, with charges of fraud being made, the district judge had discretion to award reasonable fees to Pritchett. Because Pound does not raise the issue on appeal, we do not question the reasonableness of the amount of fees awarded.

AFFIRMED.