EWING WERLEIN, JR., UNITED STATES DISTRICT JUDGE
Pending is Defendant Houston Independent School District's Renewed Motion to Dismiss Pursuant to Rule 12(b)(6) and Motion to Strike Pursuant to Rule 12(f) (Document No. 28).[1] After carefully considering the motion, response, reply, and applicable law, the Court concludes as follows.
I. Background
Plaintiff DynaStudy, Inc. ("Plaintiff") is a Texas-based educational publishing company that produces student study aids for a variety of subjects and grade levels based on Texas's state standards.[2] Plaintiff sells its study aids to school districts, either in print form or through digital licensing, but prohibits reproduction and distribution of its copyrighted materials.[3] Plaintiff has registered numerous copyrights with the United States Copyright Office, including copyrights in its End-of-Course Review Guides ("EOC") for Biology, Chemistry, Physics, and English I.[4] Plaintiff also owns the federally-registered trademark "DynaNotes."[5]
Plaintiff alleges that Defendant Houston Independent School District ("Defendant"), one of its customers, "has participated in an ongoing pattern and practice of infringing [these] intellectual property rights, ... despite the fact that [Plaintiff] has repeatedly placed Defendant on notice of such ongoing and repeated infringement."[6] Plaintiff alleges upon information and belief that "Defendant's schools, teachers, and administrators have and continue to unlawfully reproduce, distribute, adapt, and publicly display [Plaintiff's] Copyrighted Works."[7] Plaintiff alleges the following specific instances of infringement by Defendant's employees:
*771 • Teacher Dennis Huffman at Lanier Middle School "posted a nearly identical copy of [Plaintiff's] Grade 8 Science for STAAR guide online for anyone to download," and when Plaintiff contacted Defendant, Defendant represented that Huffman had received the copyrighted material "from someone by email."[8]
• Teacher Nicole Diluglio at the High School for the Performing and Visual Arts "posted the DynaNotes Biology EOC online for anyone to download."[9] The High School for the Performing and Visual Arts had never purchased any copy of the EOC and had no right of access to it, and upon inquiry Defendant represented that Diluglio received the copyrighted material "from a colleague."[10]
• Teacher Thomas Dohoney at Westside High School "plagiarized a significant portion of DynaStudy's Physics EOC and Chemistry EOC student course notes and then posted these unauthorized derivative works online at Defendant's website for anyone to download," after removing Plaintiff's copyright notices.[11] Plaintiff's website was included at the bottom of each page that Dohoney distributed.[12]
• Teacher Marla Maharaj at DeBakey High School "posted a full version of DynaStudy's Biology EOC student course notes online at Defendant's website."[13]
• Teacher Amanda Schultz-Weaver at Reagan High School "posted a copy of DynaStudy's Biology EOC student course notes online," from which copy Plaintiff's copyrights and trademarks had been removed.[14] Numerous other school districts and organizations infringed on Plaintiff's copyright by posting and reposting this document.[15] The document appears to have been created by teacher Michael Partridge at Reagan High School, which never purchased Plaintiff's Biology EOC Student Course.[16]
• When Plaintiff's sales representative met with administrator Jacqueline Thompson at Yates High School to showcase Plaintiff's course notes, Thompson asked her to leave some examples for teachers to review, assuring her that the materials would not be copied.[17] When the representative returned to collect the notes, they had tape over the language at the bottom stating, "COPYING THIS MATERIAL IS STRICTLY PROHIBITED," and Thompson did not deny that the works had been copied, although she professed to not know who had copied them.[18]
Plaintiff alleges that despite knowing of Plaintiff's intellectual property rights in its works and receiving repeated notices of ongoing infringement from 2012 to 2016, "Defendant's teachers and administrators *772 continued to unlawfully distribute [Plaintiff's] materials amongst themselves" and to make unauthorized paper copies, and "Defendant has failed to take adequate steps to halt all infringement of [Plaintiff's] intellectual property rights."[19]
In this suit Plaintiff seeks injunctive relief and damages for Defendant's violation of its intellectual property rights.[20] Plaintiff's First Amended Complaint alleges claims for: (1) copyright infringement; (2) contributory copyright infringement; (3) vicarious copyright infringement; (4) violation of § 1202(B) of the Digital Millennium Copyright Act ("DMCA"); and (5) trademark infringement.[21]
Defendant moves to dismiss Counts 2-5 for failure to state a claim, to dismiss as time-barred the allegations related to Huffman, to dismiss with prejudice the claims alleged in Plaintiff's original Complaint but not realleged in its First Amended Complaint, and to strike certain allegations as immaterial, impertinent, and unduly prejudicial to Defendant.[22]
II. Motion to Strike
Not as a separate focused motion, but rather as an add-on to several of its Rule 12(b)(6) arguments, Defendant moves under Rule 12(f) to strike Plaintiff's allegations in paragraphs 1, 25-27, 40-45, and the figures on pages 12-15 of Plaintiff's First Amended Complaint.[23] Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Striking a pleading "is a drastic remedy to be resorted to only when required for the purposes of justice" and a motion to strike "should be granted only when the pleading to be stricken has no possible relation to the controversy." Augustus v. Bd. of Pub. Instruction, 306 F.2d 862, 868 (5th Cir. 1962) (quoting Brown & Williamson Tobacco Corp. v. United States, 201 F.2d 819, 822 (6th Cir. 1953) ); see also Encore Bank, N.A. v. Bank of Am., N.A., 918 F.Supp.2d 633, 642 (S.D. Tex. 2013) ("Motions to strike are usually viewed with disfavor and rarely granted since they seek a drastic remedy and are frequently sought merely to delay.").
After carefully reading Plaintiff's above-referenced allegations, it is evident that Defendant's conclusory arguments that they should be stricken as "immaterial, impertinent and unduly prejudicial" are wholly without merit under the standard of Rule 12(f). The allegations have at least some "possible relation to the controversy," Augustus, 306 F.2d at 868, and are not the kind of impertinent or scandalous pleadings that Rule 12(f) proscribes. "[T]he purposes of justice" therefore do not require striking any of Plaintiff's pleadings, id., and Defendant's motion to strike is denied.
III. Motion to Dismiss
A. Legal Standard
Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When a district court reviews the sufficiency of a complaint before it receives any evidence either by affidavit or admission, its task is inevitably a limited one. See Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974), abrogated on other grounds by *773 Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The issue is not whether the plaintiff ultimately will prevail, but whether the plaintiff is entitled to offer evidence to support the claims. Id.
In considering a motion to dismiss under Rule 12(b)(6), the district court must construe the allegations in the complaint favorably to the pleader and must accept as true all well-pleaded facts in the complaint. See Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint "does not need detailed factual allegations ... [the] allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S.Ct. at 1964-65 (citations and internal footnote omitted).
B. Discussion
1. Plaintiff's Prior Claims
Defendant first seeks dismissal with prejudice of several claims alleged in Plaintiff's original Complaint, but which Plaintiff dropped from its First Amended Complaint.[24] Plaintiff filed its First Amended Complaint as a matter of right 21 days after service of Defendant's motion to dismiss under Rule 12(b)(1) and (6).[25] See FED. R. CIV. P. 15(a) (1) ("A party may amend its pleading once as a matter of course within: ... (B) if the pleading is one to which a responsive pleading is required, ... 21 days after service of a motion under Rule 12(b)...."). Defendant has cited no authority permitting the Court to adjudicate and dismiss with prejudice claims that Plaintiff is not asserting.[26] A plaintiff's voluntary dismissal of an action before the opposing party has served either an answer or a motion for summary judgment is without prejudice unless the plaintiff stipulates otherwise. FED. R. CIV. P. 41(a) (1). More fundamentally, Plaintiff amended its complaint as a matter of right, see Rule 15(a)(1), and the dropped claims do not present a case or controversy for adjudication here any more than if they had never been filed in the first place. Defendant's motion to deny with prejudice "claims" not being asserted is denied.
2. DMCA § 1202(b)
Section 1202(b) of the DMCA prohibits the unauthorized removal of information identifying a work's copyright owner or *774 unauthorized distribution of works while knowing that such information has been removed. 17 U.S.C. § 1202(b). Plaintiff alleges in Count Four that "Defendant violated § 1202(b) when its schools and teachers intentionally removed DynaStudy's copyright notice from at least DynaStudy's Biology EOC student course notes" and "when its schools and teachers distributed copies of DynaStudy's Biology EOC student course notes knowing that DynaStudy's [copyright management information] had been removed without DynaStudy's authority."[27] Although no specific employees are named in Count Four, it incorporates all previous allegations, which include conduct of Michael Partridge and Amanda Schultz-Weaver, the two individuals upon whom the parties' arguments exclusively focus.
Defendant argues that Plaintiff's claim must be dismissed because (1) Defendant had no control over or responsibility for Schultz-Weaver's posting of Plaintiff's materials on her private website because she was no longer employed by Defendant at the time of the posting and (2) Partidge's alleged conduct was outside the statute of limitations.[28]
Defendant's first argument fails because Plaintiff alleges that "Ms. Amanda Schultz-Weaver, while employed as a biology teacher at Defendant's Reagan High School , posted a copy of DynaStudy's Biology EOC student course notes online."[29] Defendant attempts to rely on evidence purportedly showing that Schultz-Weaver's employment ended before the alleged posting,[30] but, as Plaintiff correctly argues,[31] such evidence is not properly before the Court on a Rule 12(b)(6) motion to dismiss for failure to state a claim. See Scanlan v. Texas A & M Univ., 343 F.3d 533, 536 (5th Cir. 2003) ("In determining whether to grant a motion to dismiss, the district court must not go outside the pleadings and must accept all well-pleaded facts as true, viewing those facts most favorably to the plaintiff."). The limited exception for documents that are "referred to in the plaintiff's complaint and are central to the plaintiff's claim," id., does not apply because Plaintiff's First Amended Complaint does not reference Schultz-Weaver's employment records. Accordingly, the Court disregards Defendant's proffered evidence and accepts Plaintiff's pleadings as true.
Defendant next argues that the Plaintiff's claim as it relates to Partridge is time-barred because, looking to allegations included in Plaintiff's original Complaint but not in its First Amended Complaint, Partridge removed the copyright material from Plaintiff's student notes more than three years before Plaintiff filed suit.[32] See 17 U.S.C. § 507(b) ("No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued.").
"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." Jones v. Alcoa, Inc., 339 F.3d 359, 366 (5th Cir. 2003). Here, Plaintiff's First Amended Complaint--the live pleading to which the Court's analysis is limited--contains no allegations from which it is evident that Plaintiff's claim is time-barred. Instead, Plaintiff alleges that it discovered *775 in November 2015 "that numerous school districts were infringing upon its copyright to the Biology EOC materials by posting and reposting the same PDF document [with Plaintiff's copyright and trademark information removed]," and upon further investigation Plaintiff discovered that Partridge had created the document.[33]
Defendant argues that the Court should consider Plaintiff's superseded allegations that Partridge removed Plaintiff's copyright and trademark information and created the document at issue "at least as early as May 5, 2013," and possibly as early as May 3, 2012.[34] Considering such allegations would make no difference in determining whether Plaintiff's claim is time-barred. Contrary to Defendant's argument, "the relevant inquiry is when the claim accrued, not when the infringement occurred." Groden v. Allen, 279 F. App'x 290, 294 (5th Cir. 2008) ; 17 U.S.C. § 507(b). "In this Circuit a copyright claim accrues 'when [the party] knew or had reason to know of the injury upon which the claim is based.' " Jordan v. Sony BMG Music Entm't Inc., 354 F. App'x 942, 945 (5th Cir. 2009) (quoting Pritchett v. Pound, 473 F.3d 217, 220 (5th Cir. 2006) ); accord PAR Microsystems, Inc., v. Pinnacle Dev. Corp., 105 F.3d 656 (5th Cir. 1996) ("[A] cause of action for copyright infringement arises when a party has knowledge of the violation or notice of facts that, in the exercise of due diligence, would have led to such knowledge."). Because Plaintiff alleges that it discovered the infringing document in November 2015, only six months before Plaintiff filed this suit, and nothing in Plaintiff's First Amended Complaint suggests that Plaintiff had reason to know of the document earlier, Defendant is not entitled to dismissal of Plaintiff's § 1202(b) claim.
3. Allegations Regarding Dennis Huffman
Defendant argues that Plaintiff's allegations relating to Dennis Huffman are barred by the statute of limitations.[35] Plaintiff alleges that Huffman posted a copy of Plaintiff's Grade 8 Science for STAAR guide online in 2012, and that Plaintiff contacted Defendant about this in November 2012.[36] The related email exchange referenced in and attached as an exhibit to Plaintiff's First Amended Complaint indicates that the infringing material was removed in November 2012.[37] Accordingly, any claim for damages based on copyright infringement allegations relating to Huffman's conduct accrued more than three years before Plaintiff filed suit in May 2016 and is therefore time-barred. 17 U.S.C. § 507(b).
4. Contributory Copyright Infringement
"One infringes contributorily by intentionally inducing or encouraging direct infringement." Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 125 S.Ct. 2764, 2776, 162 L.Ed.2d 781 (2005). To establish a claim for contributory copyright infringement, a copyright owner must show that the defendant, with knowledge of the infringing activity, induces, causes or materially contributes to infringing conduct of another. Alcatel USA, Inc., v. DGI Technologies, Inc., 166 F.3d 772, 790 (5th Cir. 1999).
*776 In Count Two, Plaintiff alleges contributory copyright infringement as follows:
Numerous individuals and entities have and are directly infringing DynaStudy's Copyrighted Works, including Defendant, its schools, teachers and administrators, and countless other educational institutions.
Defendant induced, caused, and materially contributed to the infringing acts of others by encouraging, inducing, allowing, and/or assisting others (both within the district and within countless other school districts and educational institutions) to unlawfully reproduce and/or distribute DynaStudy's Copyrighted Works.
Defendant had knowledge of the infringing acts relating to DynaStudy's Copyrighted Works.[38]
Plaintiff's broad allegations do not specify the acts on which the claim is based. Plaintiff argues in response to Defendant's motion to dismiss that its contributory copyright infringement claim is based on allegations that "(1) HISD's agents and employees knowingly placed DynaStudy's protected materials on the Internet," leading to direct infringement by nineteen other educational institutions, and "(2) HISD administrators allowed teachers overnight access to protected DynaStudy materials when they knew that the teachers and administrators were likely to copy those materials (and ultimately distribute them)."[39]
Plaintiff's claim, if based on allegations that some of Defendant's employees induced or assisted others of Defendant's employees in copying Plaintiff's materials, fails to state a claim for contributory copyright infringement against Defendant. Plaintiff seeks to hold Defendant liable for the direct infringement of all of its employees, and cites no authority for the proposition that it may also recover under a theory of contributory liability based on the collaboration between or among Defendant's employees in that direct infringement. In establishing the theory of contributory copyright infringement liability, the Supreme Court explained that "[t]he Copyright Act does not expressly render anyone liable for infringement committed by another" but that "[t]he absence of such express language in the copyright statute does not preclude the imposition of liability for copyright infringements on certain parties who have not themselves engaged in the infringing activity " because "the concept of contributory infringement is merely a species of the broader problem of identifying the circumstances in which it is just to hold one individual accountable for the actions of another. " Sony Corp. of Am. v. Universal City Studios, Inc., 464 U.S. 417, 104 S.Ct. 774, 785, 78 L.Ed.2d 574 (1984) (emphasis added). Where an entity has itself engaged in direct infringement, it is not plausible to hold it liable secondarily for the same infringement. In sum, Defendant is not contributorily liable for inducing itself to infringe Plaintiff's copyrights.
But if Plaintiff's claim is based on direct infringement by third parties, its conclusory allegations that "Defendant induced, caused, and materially contributed to the infringing acts of others by encouraging, inducing, allowing, and/or assisting others ... to unlawfully reproduce and/or distribute DynaStudy's Copyrighted Works" and that "Defendant had knowledge of the infringing acts" are insufficient *777 to state a claim.[40] See Iqbal, 129 S.Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").
Moreover, as Defendant correctly argues, Plaintiff "has not set forth any plausible facts that HISD knew about the alleged infringement of any third party prior to the filing of this lawsuit" so as to state a claim for contributory infringement.[41] See Alcatel, 166 F.3d at 790. The only allegation of copying by third parties relates to Plaintiff's Biology EOC student course notes, which Plaintiff alleges were copied by numerous other school districts after Defendant's employee Michael Partridge removed Plaintiff's copyrights and trademark notices and then posted them online.[42] Plaintiff does not allege, however, that Partridge or any other employee of Defendant knew that third parties were copying these materials. Plaintiff's allegation that Partridge had "reasonable grounds to believe" that his actions would induce infringement[43] is insufficient even under the Ninth Circuit's "substantially certain" standard on which Plaintiff relies. See Perfect 10, Inc., v. Amazon.com. Inc., 508 F.3d 1146, 1171 (9th Cir. 2007) ("[A]n actor may be contributorily liable for intentionally encouraging direct infringement if the actor knowingly takes steps that are substantially certain to result in such direct infringement."),[44] Accordingly, Plaintiff's claim for contributory copyright infringement is subject to dismissal.
5. Vicarious Copyright Infringement
Vicarious copyright infringement occurs when a defendant "profit[s] from direct infringement while declining to exercise a right to stop or limit it." Grokster, 125 S.Ct. at 2776. "To state a claim for vicarious copyright infringement, a plaintiff must allege that the defendant has (1) the right and ability to supervise the infringing conduct and (2) a direct financial interest in the infringing activity." Perfect 10, Inc. v. Visa Int'l Serv. Ass'n, 494 F.3d 788, 802 (9th Cir. 2007) (footnote omitted).[45]
Plaintiff alleges in Count Three that "Defendant had the right and ability to control the infringing acts of its teachers and administrators who directly infringed DynaStudy's Copyrighted Works" and that Defendant obtained a direct financial benefit from the infringement.[46] Defendant disputes that it obtained a financial benefit from its employees' infringement, but Plaintiff has plausibly alleged that because Defendant's employees made and shared unauthorized copies of Plaintiff's materials, Defendant was able to use the materials without paying for additional *778 copies and to reduce significantly its purchases from Plaintiff.[47]
Defendant also argues that Plaintiff's vicarious infringement claim fails because the attachments to Plaintiff's complaint show that Defendant promptly removed materials from its website when Plaintiff notified Defendant of infringing materials, such that it did not "declin[e] to exercise a right to stop or limit" its employees' infringement.[48] Plaintiff's exhibits indicate that on two occasions in November 2012 and May 2014, Defendant's Assistant General Counsel, when notified by Plaintiff, investigated the online posting of Plaintiff's materials by Defendant's employees and confirmed that the materials had been removed.[49] However, Plaintiff also alleges other instances in which "counsel for DynaStudy contacted counsel for Defendant regarding Defendant's repeated and ongoing infringement" but Defendant responded by denying wrongdoing, and "the infringement continued."[50] Moreover, Plaintiff alleges that Defendant's "high-level administrators were and continue to allow and, quite possibly participate in, the intentional infringement of DynaStudy's intellectual property," as evidenced by the copying of Plaintiff's example course notes when they were left with administrators at Defendant's Yates High School.[51] These allegations plausibly allege that Defendant did not exercise its right to stop its employees' infringement of Plaintiff's copyrighted materials. Accordingly, Plaintiff states a claim for vicarious copyright infringement.
6. Trademark Infringement
Plaintiff alleges in Count Five that Defendant violated the Lanham Act, 15 U.S.C. § 1114(1), when its teacher, Thomas Dohoney, "created an unauthorized derivative work by combining his own work (or that of others) with significant plagiarized portions of DynaStudy's Physics EOC and Chemistry EOC student course notes and then distributed the derivative work online," with Plaintiff's "DynaNotes Mark and website" displayed at the bottom of each page taken from Plaintiff's materials.[52]
Defendant's sole argument for dismissal is that the mere reference to Plaintiff's mark in its domain name is not trademark infringement because Plaintiff's domain name is not a registered trademark.[53] However, it is undisputed that Plaintiff is the owner of the registered trademark "DynaNotes," and courts have "routinely concluded" that domain names that merely attach ".com" to the end of a mark are essentially identical to the mark. Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp., 174 F.3d 1036, 1055 (9th Cir. 1999) (collecting cases and explaining that " 'MovieBuff' and 'moviebuff.com' are, for all intents and purposes, identical in terms of sight, sound, and meaning"); see also, e.g., *779 March Madness Athletic Ass'n LLC v. Netfire Inc., 120 F. App'x 540, 545 (5th Cir. 2005) (affirming district court's finding that "marchmadness.com" created a likelihood of confusion with "March Madness" mark); Horseshoe Bay Resort Sales Co. v. Lake Lyndon B. Johnson Imp. Corp., 53 S.W.3d 799, 810 (Tex. App.-Austin 2001, pet. denied) (holding that "Horseshoe Bay" mark and "horseshoebbay.com" domain name are identical for purposes of trademark analysis).
Plaintiff has plausibly alleged that Defendant's use of Plaintiff's trademark contained in Plaintiff's domain name is "likely to lead the public to conclude, incorrectly, that the infringing derivative works that Defendant is reproducing and/or distributing originate with, or are authorized by DynaStudy."[54] The addition of "www" and ".com" to Plaintiff's registered trademark does not defeat Plaintiff's claim on a Rule 12(b)(6) motion, when the allegations must be construed favorably to the pleader. Accordingly, Defendant's motion to dismiss Count Five is denied.
IV. Order
Based on the foregoing, it is
ORDERED that Defendant Houston Independent School District's Renewed Motion to Dismiss Pursuant to Rule 12(b)(6) and Motion to Strike Pursuant to Rule 12(f) (Document No. 28) is GRANTED IN PART as follows: Plaintiff's Count Two for contributory copyright infringement and Plaintiff's claims for damages based on the actions of Defendant's employee Dennis Huffman are DISMISSED with prejudice; and Defendant's motion is otherwise in all things DENIED.
The Clerk will enter this Order, providing a correct copy to all counsel of record.

Defendant's previous Motion to Dismiss Pursuant to Rules 12(b)(1) and (6) (Document No. 12) is DENIED as moot. Defendant's Opposed Motion for Leave to File a Reply to Its Pending Motion to Dismiss and Strike the First Amended Complaint (Document No. 30) is GRANTED and the reply at Document No. 30-1 is deemed filed.

Document No. 16 ¶¶ 7-8 (1st Am. Compl.).

Id. ¶ 10.

Id. ¶¶ 1, 12.

Id. ¶ 15.

Id. ¶ 1.

Id. ¶ 24.

Id. ¶¶ 25-27.

Id. ¶ 28.

Id. ¶¶ 29-30.

Id. ¶ 31.

Id. ¶ 55.

Id. ¶ 34.

Id. ¶¶ 40-41.

Id. ¶¶ 42, 45.

Id. ¶ 43.

Id. ¶¶ 47-48.

Id. ¶¶ 49-50.

Id. ¶¶ 51-53, 57.

Document No. 4 (Compl.).

Document No. 16 ¶¶ 71-128.

Document No. 28.

Id. at 4, 6-7, 11-12.

Document No. 28 at 4-5.

Document Nos. 12, 16.

Defendant does cite Etablissements Neyrpic v. Elmer C. Gardner, Inc., in which the trial court allowed plaintiffs to amend their complaint 21 months after its original filing, on condition that the two claims being dropped be dismissed with prejudice because of the "considerable prejudice to defendants" that might otherwise result. 175 F.Supp. 355, 358 (S.D. Tex. 1959) (Ingraham, J.). In so holding, the court analogized to Rule 41(a) (2) as the basis for its authority to attach conditions to the order allowing an amendment. The Fifth Circuit, citing Etablissements Neyrpic, has noted "some doubt" on the question of "whether a particular claim can be dismissed with prejudice under Rule 41(a) or whether Rule 41(a) only applies to all counts" but has not resolved the question. G.A. Thompson & Co. v. Partridge, 636 F.2d 945, 952 n. 12 (5th Cir. 1981).

Document No. 16 ¶¶ 111-112.

Document No. 28 at 5-11.

Document No. 16 ¶ 40 (emphasis added).

Document No. 28 at 6; Document No, 28-1

Document No. 29 at 3.

Document No. 28 at 7-9.

Document No. 16 ¶¶ 42-44.

Document No. 4 ¶ 38.

Document No. 28 at 11-12.

Document No. 16 ¶¶ 25-27.

Document No. 16-4 at 3 of 5.

Document No. 16 ¶¶ 87-89.

Document No. 29 at 10.

Document No. 16 ¶¶ 88-89.

Document No. 28 at 12.

Document No. 16 ¶¶ 43-46.

Id. ¶ 46.

The "substantially certain" standard, which the Fifth Circuit has not adopted, has not been uniformly followed even in the Ninth Circuit. See Luvdarts, LLC v. AT & T Mobility, LLC, 710 F.3d 1068, 1072 (9th Cir. 2013) ("To establish liability, the first prong requires more than a generalized knowledge by the Carriers of the possibility of infringement.... 'actual knowledge of specific acts of infringement' is required for contributory infringement liability.") (quoting A & M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1021 (9th Cir. 2001) ).

"Vicarious copyright liability is an 'outgrowth' of respondeat superior " which extends liability "beyond an employer/employee relationship." Napster, 239 F.3d at 1022 (citations omitted).

Document No. 16 ¶¶ 99-100.

Id. ¶ 54 ("As Defendant's teachers and administrators began to unlawfully reproduce and distribute DynaStudy's materials with their colleagues and students and with the public, in general, through online postings, Defendant restricted its legal purchase of these materials, resulting in significant lost sales to DynaStudy and a direct financial interest to Defendant. For a number of years now, Defendant and its teachers and administrators have enjoyed the widespread use (and misuse) of DynaStudy's materials without having paid for that use.").

Document No. 28 at 14.

Document No. 16, exs. D, E.

Document No. 16 ¶ 59.

Id. ¶¶ 47-49.

Document No. 16 ¶ 55.

Document No. 28 at 15-16.

Document No. 16 ¶ 123.